UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE SHIRLEY WEBER and DONALD JOHN TRUMP,<br><br>Defendants. | No.  2:23-cv-02172 DAD AC (PS)<br><br><br><br>ORDER TO SHOW CAUSE |

On October 2, 2023, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that this case must be dismissed with prejudice.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

The complaint invokes federal question jurisdiction, claiming the action "arises under Section 3 of the 14th Amendment to the U.S. Constitution." ECF No. 1 at 8. The only relief sought is that the court "issue an injunction preventing Defendant Secretary of State from accepting and/or processing Defendant Donald John Trump's ballot access documentation, including, but not limited to, nominating papers and nominating petitions." ECF No. 1 at 11. Plaintiff claims he has standing to bring this case because he is also a Republican candidate for the 2024 presidential race, and as such, he can pursue a claim regarding his competitor, Donald J. Trump. Id. Plaintiff asserts that Section 3 of the 14th Amendment provides a cause of action because it "protects a person from having to politically compete against a pro-insurrectionist politician." Plaintiff mentions the Declaratory Judgment Act[1], but states that he is bringing this case "based on an implied cause of action directly under the self-executing Section 3 of the 14th Amendment." Id. at 36.

A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

Though plaintiff invokes the U.S. Constitution, he does not identify an available federal cause of action. Other federal courts have held that whether a candidate is "ineligible for [office] by virtue of Section 3 of the Fourteenth Amendment—that question could only be raised against the defendants in their capacities as candidates for office in a proceeding brought under state

---

[1] Indeed, plaintiff has brought cases in other courts on the same set of factual allegations as this case, but invoking the Declaratory Judgment Act. Castro v. Toulouse Oliver, No. 23-cv-766 KK/GJF, 2023 WL 6065304, at *1 (D.N.M. Sept. 18, 2023). Plaintiff has not yet had success in bringing this cause under the Declaratory Judgment Act, which is perhaps why he is not attempting to sue under the Act here.

ballot-access laws.  Because the federal issue arises in the context of a state-law claim, there is no jurisdiction under § 1331." Stencil v. Johnson, 605 F. Supp. 3d 1109, 1115 (E.D. Wis. 2022). Because "§ 3 of the Fourteenth Amendment does not provide any private right of action" there is no federal jurisdiction available. Rosberg v. Johnson, No. 8:22-cv-384, 2023 WL 3600895, at *3 (D. Neb. May 23, 2023).

   IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, no later than October 25, 2023, why this court has subject matter jurisdiction over his case.  If plaintiff fails to respond by October 25, 2023, the court will recommend dismissal of his case with prejudice for lack of subject matter jurisdiction.

DATED: October 11, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE