UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE SHIRLEY WEBER and DONALD JOHN TRUMP,<br><br>Defendants. | No. 2:23-cv-02172 DAD AC (PS)<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On October 2, 2023, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and, believing that this court lacks subject matter jurisdiction to hear plaintiff's case, issued an Order to Show Cause to plaintiff requiring that he respond and demonstrate that federal jurisdiction exists. ECF No. 6. Plaintiff filed a response on October 17, 2023. ECF No. 7. The response fails to demonstrate that jurisdiction exists, and the undersigned therefore recommends that this case be dismissed for lack of jurisdiction.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-

1    question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v.
2    Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug.
3    5, 2019). A case "arises under" federal law for jurisdictional purposes either where federal law
4    creates the cause of action or "where the vindication of a right under state law necessarily turn[s]
5    on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086,
6    1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust,
7    463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed
8    by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a
9    federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at
10   1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

11         The complaint asserts federal question jurisdiction, claiming the action "arises under
12   Section 3 of the 14th Amendment to the U.S. Constitution." ECF No. 1 at 8. The only relief
13   sought is that the court "issue an injunction preventing Defendant Secretary of State from
14   accepting and/or processing Defendant Donald John Trump's ballot access documentation,
15   including, but not limited to, nominating papers and nominating petitions." ECF No. 1 at 11.
16   Plaintiff claims he has standing to bring this case because he is also a Republican candidate for
17   the 2024 presidential race, and as such, he can pursue a claim regarding his competitor, Donald J.
18   Trump. Id. Plaintiff asserts that Section 3 of the 14th Amendment provides a cause of action
19   because it "protects a person from having to politically compete against a pro-insurrectionist
20   politician." Plaintiff mentions the Declaratory Judgment Act[1], but states that he is bringing this
21   case "based on an implied cause of action directly under the self-executing Section 3 of the 14th
22   Amendment." Id. at 36.

23         Though plaintiff invokes the U.S. Constitution, he does not identify an available federal
24   cause of action. Other federal courts have held that whether a candidate is "ineligible for [office]

---

[1] Indeed, plaintiff has brought cases in other courts on the same set of factual allegations as this case, but invoking the Declaratory Judgment Act. Castro v. Toulouse Oliver, No. 23-cv-766 KK/GJF, 2023 WL 6065304, at *1 (D.N.M. Sept. 18, 2023). Plaintiff has not yet had success in bringing this cause under the Declaratory Judgment Act, which is perhaps why he is not attempting to sue under the Act here.

1   by virtue of Section 3 of the Fourteenth Amendment [is a question] that [ ] could only be raised
2   against the defendants in their capacities as candidates for office in a proceeding brought under
3   state ballot-access laws. Because the federal issue arises in the context of a state-law claim, there
4   is no jurisdiction under § 1331." Stencil v. Johnson, 605 F. Supp. 3d 1109, 1115 (E.D. Wis.
5   2022). Because "§ 3 of the Fourteenth Amendment does not provide any private right of action"
6   there is no federal jurisdiction available. Rosberg v. Johnson, No. 8:22-cv-384, 2023 WL
7   3600895, at *3 (D. Neb. May 23, 2023).

8       In plaintiff's response to the order to show cause, he ignores Stencil and points out that the
9   Rosenberg case is non-binding authority. ECF No. 7 at 1. The undersigned agrees that this court
10  is not bound by Rosenberg, however, the undersigned independently agrees with the statement in
11  that case that §3 of the Fourteenth Amendment does not give plaintiff a private right of action to
12  bring this case. Plaintiff does not present any authority to the contrary. Instead, he asserts that
13  historical context indicates that §3 of the 14th amendment is "self-executing; a legal argument
14  that no Court has ruled upon on the merits." ECF No. 7 at 2. This is not persuasive; the
15  undersigned is unaware of any legal authority by which §3 of the Fourteenth Amendment
16  provides a private cause of action for a political competitor to bring a lawsuit ordering the
17  Secretary of State to refuse to accept an opponents' application for political candidacy, and
18  plaintiff provides the court with no such authority. Because there is no federal cause of action
19  available to plaintiff, there can be no federal question jurisdiction.

20      Plaintiff has failed to demonstrate any basis for this court's jurisdiction, and the
21  undersigned finds none. Thus, it is RECOMMENDED that this case be dismissed with prejudice
22  for lack of subject matter jurisdiction, and that this case be closed.

23      These findings and recommendations are submitted to the United States District Judge
24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days
25  after being served with these findings and recommendations, any party may file written
26  objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a
27  document should be captioned "Objections to Magistrate Judge's Findings and
28  Recommendations." Failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 18, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE